Estate of Isaac N. Boyd, Dec'd, *v.* Boyd, Appellant.

Argued December 11, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*William J. Graham,* for appellant.

*Francis A. Wolf,* for appellee.

OPINION BY LINN, J., February 27, 1931:

This appeal is from a decree in divorce granted on the husband's libel charging his wife with desertion. Since the decree was granted, the libellant died and his executor was substituted as appellee in this court.

The libellant, aged seventy-two, married respondent, aged seventeen, in May, 1926, her mother consenting. Respondent left him on or about March 12, 1927. The case was heard by Judge DREW, then on the common pleas; both parties testified and each called witnesses. He filed an opinion thoroughly considering the evidence and fully justifying the conclusion expressed in the decree. The libellant was ill and under the care of his physician when respondent left him; he did not recover from that illness until May of the same year. After his wife left, libellant was taken care of by a man employed for the purpose. There is evidence that libellant tried to induce his wife to return to him and that she refused. This is a case in which there is such contradiction of evidence that we must rely on corroboration in determining which to believe. Respondent says she did not leave voluntarily but that libellant told her to go; that "his condition was perfect" on March 12, 1927, when she left. Concerning his health, she is contradicted, not only by the libellant, but by his physician who treated him on that day and for some days to come, and by the man who

then came to take care of him. In view of that evidence, we must also refuse to credit respondent's testimony that libellant ordered her out of the house on that day and carried part of her baggage to the garage. Even respondent's mother states that on March 12, "The doctor [libellant] wasn't well but he was in the kitchen, he was able to get around." We also credit the evidence to the effect that libellant tried to induce respondent to return and that she refused, for there is nothing in the record to indicate any effort or desire on her part to return to him. She said she was ill-treated, but gave no facts from which that conclusion may be inferred. It is unnecessary to repeat what was said in the opinion filed below.

Decree affirmed.